OPINION OF THE COURT
Alan C. Marin, J.
This is the claim of Ian Dawes, which was tried at Sullivan Correctional Facility, where Mr. Dawes testified on his own behalf. For its part, defendant called Kenneth Decker, deputy superintendent of security. Dawes’ claim arises from the suspension of his contact visitation rights at Sullivan.
*769 Dawes testified that on January 14, 2000, he received a memorandum from Captain Healy notifying him that his contact visitation rights were suspended indefinitely in connection with a mechanical restraint order. Healy’s memo (claimant’s exhibit 1), the subject of which is “Restraint Procedures,” essentially provides that Dawes is to be mechanically restrained whenever he is out of his special housing unit (SHU) cell and provides in relevant part that:
“Pursuant to your actions of 1/13/00 for which you are pending a Tier III hearing * * * I am implementing the following direction * * * .
“Because of the pattern of violent behavior you have established against staff as evidenced by your disciplinary history, I find it necessary to implement measures to ensure that you are not able to and/or limit your ability to assault staff.
“The measures herein described will be subject to review in accordance with the policy for review of mechanical restraint orders. It is hoped that these measures will, by preventing and/or limiting your ability to assault staff, ensure your safety as well as the safety of staff and substantially reduce the likelihood that physical force will need to be used to ensure your compliance with rules governing your behavior.
“The Policy is:
“1. [There will be] the application of mechanical wrist restraints and the accompanying waist chain, * * *
“7. All visitation will occur in the non-contact visiting area of the Visiting Room and full mechanical restrains will remain on for the duration of the time you are out of your cell.”
Dawes testified that his contact visitation suspension continued for six months, after which he filed a CPLR article 78 proceeding. According to claimant, the article 78 proceeding became moot because his contact visitation suspension was lifted prior to a decision being rendered.
Dawes denied that he had assaulted a staff member and asserted that the charge was ultimately expunged from his record. He asserts that contact visitation suspension is prohibited by 7 NYCRR 305.4. In fact, 7 NYCRR 305.4 (e) (7) provides in relevant part that: “[i]f an inmate is under a restraint order directing that he/she be mechanically restrained *770 whenever he/she leaves the SHU cell for any reason, the inmate will remain mechanically restrained during the entire period of time he/she is out of the SHU cell, except * * * when in a general population visiting room and not in a noncontact area.” (Emphasis supplied.)
At some point, Dawes filed an internal appeal of his contact visitation suspension. In a memorandum decision dated March 14, 2000, Dawes’ appeal was dismissed. It was noted in relevant part that:
“[t]he contact visitation suspension is part of a mechanical restraint order imposed because on January 13, 2000, Inmate Dawes assaulted a member of the Sullivan Correctional Facility Staff * * * As to the denial of contact visiting privileges, 7 NYCRR 305.4(e) sets forth ‘If an inmate is under a restraint order directing that he/she be mechanically restrained whenever he/she leaves the SHU cell for any reason, the inmate will remain mechanically restrained during the entire period of time he/ she is out of the SHU cell, except: * * *
“ ‘([former] 6) when in a general population visiting room and not in a noncontact area.’
“This exception applies for the safety and security of the inmate under the restraint order. Sullivan Correctional Facility does not have a separate visiting room for SHU inmates. Visits with SHU inmates are conducted in the general population visiting room. The administration has determined that it would constitute a risk to the life or safety of the inmate to allow a restrained inmate to visit in a general population visiting room. Therefore, 7 NYCRR 305.4(e)([former] 6) was promulgated to insure that where the restrained inmate could not be separated from other inmates, the restraints must be removed. However, where facilities are available that will allow the restrained inmate to be separated from other inmates during the visit, the visit will occur separate from general population. In accordance with the implementation of the restraint order, Inmate Dawes must remain restrained. At Sullivan Correctional Facility, non-contact visiting facilities are available that permit Inmate Dawes to be separated from the general population. Therefore, to insure the safety of Inmate Dawes, other inmates and staff, the inmate *771 is to remain restrained and have visits in those facilities for his own protection.” (Claimant’s exhibit 2.)
Dawes maintains that he was denied due process because he had no hearing prior to the contact visitation suspension, which was of an indefinite period. He also asserted, but had no direct proof, that several other inmates were under mechanical restraint orders and had no such contact visitation suspensions imposed.
Deputy superintendent Kenneth Decker testified that the basis for Dawes’ contact visitation suspension was 7 NYCRR 305.4, which is identical to DOCS Directive No. 4933. (See defendant’s exhibit B.) Decker also testified that he believed there was another inmate who along with Dawes was denied contact visitation.
Finally, Decker confirmed that the only notice of the visitation suspension given to Dawes was Captain Healy’s memo itself. According to Decker, this is permitted under 7 NYCRR 305.4 (a), which provides in relevant part that “[a]ny inmate assigned to an SHU who has [a] history of assaultive behavior and/or who presents a threat to the safety or security of himself/herself, other persons, or State property may be placed under a restraint order by the deputy superintendent for security or in his/her absence, the O.D. or higher ranking authority.”
7 NYCRR 305.4 has no provision for a hearing or proceeding prior to the implementation of a mechanical restraint order. In addition, it should be noted that Dawes was not denied visitation rights per se, but rather contact visitation rights. As set forth in the memorandum decision (claimant’s exhibit 2), Sullivan has a separate noncontact visitation area, and this permitted Dawes to be separated from other inmates. 7 NYCRR 305.4 specifically provides that if a mechanically restrained inmate is in a general population visiting room, restraints must be removed, but they are not to be removed in a noncontact visiting area. Nor has Dawes made a showing that any other applicable rules or regulations were violated.
For the foregoing reasons, the claim of Ian Dawes is dismissed.